IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| **Donnie C. Haile, Jr. and Vicky Haile,** | )   Case No.   17-10161-SAH |
| | )   Chapter   7 |
| DEBTORS. | ) |

## MOTION REQUESTING RELIEF FROM STAY, MOTION FOR ORDER OF ABANDONMENT, NOTICE OF OPPORTUNITY FOR HEARING AND MOTION FOR WAIVER OF 14 DAY STAY PER RULE 4001(a)(3)

GMAC Inc. n/k/a Ally Financial, Inc. (ALLY), Creditor in the above-styled and numbered cause, pursuant to 11 U.S.C. §§362(d) and 554, hereby moves this Honorable Court for an Order granting ALLY relief from the stay and abandonment and waive the fourteen (14) day stay per rule 4001(a)(3), for the reasons and upon the grounds that:

1. That ALLY is the holder of a duly perfected security interest in the following described vehicle as shown by the copy of the Retail Installment Sale Contract and the copy of the Oklahoma Lien Entry Form which has been duly filed with the appropriate state agency and attached hereto:

**2011 Dodge Ram 1500 – VIN#3D7JB1ET4BG631457**

2. ALLY would state that the unpaid balance due upon said vehicle is the sum of $10,858.31. That the Debtors are in default by reason of failure of said Debtors to pay the said monthly payments due upon said vehicle and as such said vehicle continues to depreciate without compensation to this Creditor. That the contract is currently due for the January 16, 2017 payment. For the foregoing reasons, there is sufficient cause to modify the automatic stay under 11 U.S.C. §362(d)(1).

3. Although no formal appraisal of said vehicle has been made, the Movant alleges that there is insufficient equity in said vehicle for the estate of the Debtors, and that the outstanding balance due upon said vehicle is in excess of the value of said vehicle. Furthermore, that said vehicle is a burdensome asset of the estate and should be abandoned. That it would be appropriate for the Court to enter an Order Lifting the Automatic Stay provided by 11 U.S.C., Section 362(d) and further that the property be abandoned pursuant to 11 U.S.C., Section 554.

4. Under Fed. R. Bankr. P. 4001(a)(3), an order granting stay relief on this Motion would be stayed "until the expiration of 14 days after the entry of the order, unless the court orders

KRF File #37685/MG

otherwise." Good cause exists to "order otherwise" as the Debtors are not paying the monthly payments for said vehicle and said vehicle is continuing to depreciate without compensation to ALLY. Movant is asking the Court to waive the statutory period pursuant to Fed. R. Bankr. P. 4001(a)(3).

5. Movant further alleges that said vehicle above mentioned is currently not being used or will not be needed for the purpose of carrying on the business of the Debtor.

6. That ALLY has been stayed from enforcing its rights under said security agreement since the filing of this case on January 20, 2017. That said vehicle is continuing to depreciate without compensation to ALLY and by reason thereof, ALLY is entitled to adequate protection which can only be provided by an Order Lifting the Automatic Stay imposed upon ALLY and thereby permitting it to obtain possession of its collateral for the purpose of foreclosure of its security interests.

## NOTICE OF OPPORTUNITY FOR HEARING

Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document. If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Ave., Oklahoma City, OK 73102, no later than fourteen (14) days from the date of filing of this request for relief. You should also mail a file-stamped copy of your response or objection to the undersigned Movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed the Court may grant the requested relief without a hearing or further notice. The 14-day period includes the three (3) days allowed for mailing provided for in Rule 9006(f) Fed. R. Bankr. P.

**WHEREFORE,** ALLY prays the Court enter an Order lifting the Automatic Stay pursuant to 11 U.S.C. §362 to permit Movant to foreclose its security interest therein as provided by law; that the fourteen (14) day stay imposed by Fed. R. Bankr. P. 4001(a)(3) be waived; require abandonment pursuant to 11 U.S.C. §554; and that ALLY may have such other and further relief to which it may be entitled.

KRF File #37685/MG

                **KIVELL, RAYMENT AND FRANCIS, P.C.**

          s/ Michael George
         Brian J. Rayment, OBA #7441
         Michael J. George, OBA #22570
         Julie Hird Thomas, OBA #10660
         Triad Center I, Suite 550
         7666 East 61st Street
         Tulsa, Oklahoma 74133
         Phone: (918) 254-0626
         Facsimile: (918) 254-7048
         E-mail: mgeorge@kivell.com

         **ATTORNEYS FOR CREDITOR, GMAC Inc. n/k/a Ally Financial, Inc. (ALLY)**

## CERTIFICATE OF MAILING

I hereby certify that on March 31, 2017, I mailed via U.S. Mail, first class, postage prepaid and properly addressed, a true and correct copy of the above and foregoing Motion to those parties listed on the matrix attached hereto.

         s/ Michael George
         Michael George, OBA#22570

KRF File #37685/MG